JOHN F. GAFFNY v. BLANCHE E. MARSHALL, a widow, formerly known as Blanche E. Gaffny, a married woman.

175 So. 873.
Division B.
Opinion Filed July 19, 1937.

*Gordon R. Broome,* for Appellant;

*J. Aron Abbott,* for Appellee.

PER CURIAM.—The appellant in this case filed a bill in the court below against his former wife, who had a few months theretofore been granted a decree of divorce; in which decree her maiden name was restored to her. Prior to the divorce proceedings the appellant and his then wife had for some nine or ten years occupied as their home a house and lot, the title to which stood in the name of the wife, the property having been conveyed to her about ten years before the bill was filed. The purpose of the present bill was to have the court to decree that said real property and appurtenances thereto was really owned by the appellant and appellee as tenants in common, upon the theory that, on account of certain allegations contained in appellant's bill, appellee was holding the legal title as trustee for appellant and for his use and benefit to the extent of an un-

divided one-half interest in the real estate and appurtenances and also the personal property located thereon, and prayed *inter alia* that appellee be required to execute and deliver to appellant a warranty deed conveying to him such undivided one-half interest in the land and appurtenances, and a bill of sale to an undivided one-half interest in the personal property located thereon. Upon final hearing on pleadings and proof the chancellor rendered a decree in which he found that the complainant had failed to establish by proof the factual allegations contained in the bill of complaint; that it appeared from the evidence that the complainant had no interest in the property described in the bill, but that on the contrary the evidence showed that the defendant therein, appellee here, was the owner of the property, free from any lien or claim of right, title or interest in behalf of the complainant. The chancellor dismissed the bill at the cost of the complainant, and complainant took this appeal.

There is no need to encumber the records or the reports with a review of the allegations of the bill and answer, or of the testimony in the case. The decision of this case, and the applicability of the legal theories advanced by counsel for both sides, in the court below, and here, turn upon the facts as shown by evidence. There is ample evidence to sustain the findings and decree of the chancellor. The rule is well settled that the conclusions reached by the chancellor upon the evidence in a case will not be disturbed by this Court unless such conclusions are clearly erroneous. Far from being erroneous, the conclusions reached by the chancellor upon the evidence in the case at bar were fully justified and sustained by the evidence. While the evidence was in conflict on some of the issues made by the bill and answer, the weight and probative force of the evidence was

clearly in favor of the defendant, appellee here, and against the complainant.

We find no reversible error in the record and the decree appealed from is accordingly affirmed.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.